IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: National Century | : | Case No. 2:03-md-1565 |
| Financial Enterprises, Inc. | : | Judge Graham |
| Investment Litigation | : | Magistrate Judge Abel |

| | | |
|---|---|---|
| Michael Mahoney, et al., | : | |
| Plaintiffs, | : | |
| | : | Case No. 3:03-cv-467 |
| v. | : | United States District Court |
| | | Middle District of Florida |
| John F. Andrews, et al., | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| John P. Houlihan, et al., | : | |
| Plaintiffs, | : | |
| | : | Case No. 3:03-cv-656 |
| v. | : | United States District Court |
| | | Middle District of Florida |
| John F. Andrews, et al., | : | |
| Defendants. | : | |

**ORDER APPROVING CLASS COUNSELS' REQUEST FOR AN AWARD
OF ATTORNEYS' FEES AND EXPENSES**

This matter is before the court on the motion of the lead plaintiffs for an award of attorneys' fees and costs in this class action settlement.

Under Rule 23(h) of the Federal Rules of Civil Procedure,

(h) Attorney's Fees and Nontaxable Costs. In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement. The following procedures apply:

> (1) A claim for an award must be made by motion under Rule 54(d)(2), subject to the provisions of this subdivision (h), at a time the court sets. Notice of the motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner.
>
> (2) A class member, or a party from whom payment is sought, may object to the motion.
>
> (3) The court may hold a hearing and must find the facts and state its legal conclusions under Rule 52(a).
>
> (4) The court may refer issues related to the amount of the award to a special master or a magistrate judge, as provided in Rule 54(d)(2)(D).

Fed. R. Civ. P. 23(h).

## I. Findings of Fact

1. By order of February 11, 2009, the court certified the class and gave preliminary approval to the proposed settlement agreement.

2. Notice was then given of a fairness hearing set for May 18, 2009. The notice was sent to approximately 8,828 known and potential class members.

3. As discussed in the court's order (docketed on this same day) giving final approval to the class settlement, notice was directed to the class in a manner reasonably calculated to reach interested parties.

3. The notice clearly and concisely described the proposed award of attorneys' fees and expenses. It stated that class counsel would seek an award of attorneys' fees in the amount of $120,000, or 30% of the settlement fund, and expenses in the amount of $70,000.

4. The notice informed the class members of their ability to file an objection to any aspect of the proposed settlement agreement, including the award of attorneys' fees and costs that class counsel was seeking. The notice directed any person wishing to make an objection to do so by submitting a written notice of objection to the court, plaintiffs' counsel, or defendants' counsel by May 4, 2009.

5. No written objections were received by the court, plaintiffs' counsel, or defendants' counsel, either before or after May 4, 2009.

6. Counsel for defendants filed a statement on May 13, 2009 (doc. 1593) stating that they do not oppose the motion for an award of attorneys' fees.

7. The court conducted a fairness hearing on May 18, 2009. None of the class members attended the hearing, and, thus, no objections were made at the hearing to either the settlement or the fee request.

8. Class counsel has filed declarations in support of their fee request.

9. The declaration of Julie Vianale on behalf of Vianale & Vianale LLP states that the firm has expended 587.35 attorney hours and 97.50 paralegal hours in litigating this action.

10. The declaration of Richard J. Kilsheimer on behalf of Kaplan Fox & Kilsheimer LLP states that the firm has expended 822.0 attorney hours and 429.25 paralegal hours in litigating this action.

11. The declaration of Richard J. Lantinberg on behalf of Cooper, Ridge, Lantinberg & Safi, P.A. states that the firm has expended 101.9 attorney hours and 171.7 paralegal hours in litigating this action.

12. Thus, the court finds that counsel for plaintiffs have spent a total of 1511.25 attorney hours and 698.45 paralegal hours in litigating this action, for a total of 2209.70 hours.

13. Class counsel has worked on a contingent fee basis since this inception of this litigation.

14. According the declarations, had the firms billed their services at their normal hourly rates, their fees would have been $721,633.75 for attorney services and $129,523.50 for paralegal services, for a total of $851,157.

15. The court further finds, based on the declarations, that class counsel has incurred actual expenses of $78,206.74 during the course of this litigation. The costs have been incurred for: hiring experts, consultants, and investigators; court reporter services; document discovery; postage and delivery; photocopies; court filings; service of process; class notice; conference calls; meals, hotels, and transportation. The bulk of the expenses, $42,639, were for the hiring of a forensic accountant and a financial markets analyst. A significant amount of the rest of the expenses were for other discovery, including document discovery and depositions.

## II. Conclusions of Law

16. The Private Securities Litigation and Reform Act, 15 U.S.C. §78u-4(a)(6), restricts the payment of attorneys' fees and expenses in securities class actions as follows: "Total attorneys' fees and expenses awarded by the court to counsel for the plaintiff class shall not exceed a reasonable percentage of the amount of any damages and prejudgment interest actually paid to the class." 15 U.S.C. § 78u-4(a)(6).

17. The Sixth Circuit requires that awards of attorneys' fees "in common fund cases be reasonable under the circumstances." Rawlings v. Prudential-Bache Properties, Inc., 9 F.3d 513, 516 (6th Cir. 1993).

> When awarding attorney's fees in a class action, a court must make sure that counsel is fairly compensated for the amount of work done as well as for the results achieved. . . . The lodestar method better accounts for the amount of work done, while the percentage of the fund method more accurately reflects the results achieved. For these reasons, it is necessary that district courts be permitted to select the more appropriate method for calculating attorney's fees in light of the unique characteristics of class actions in general, and of the unique circumstances of the actual cases before them.
>
> In order for us to review the court's exercise of discretion, the district court must provide a clear statement of the reasoning used in adopting a particular methodology and the factors considered in arriving at the fee. Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983) ("It remains important . . . for the district court to provide a concise but clear explanation of its reasons for the fee award.").

Rawlings, 9 F.3d at 516 (case citation omitted).

18. In determining a reasonable award, the district court should examine the following six factors:

> (1) the value of the benefit rendered to the plaintiff class;
>
> (2) the value of the services on an hourly basis;
>
> (3) whether the services were undertaken on a contingent fee basis;
>
> (4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others;
>
> (5) the complexity of the litigation; and
>
> (6) the professional skill and standing of counsel involved on both sides.

Bowling v. Pfizer, Inc., 102 F.3d 777, 780 (6th Cir. 1996); Rawlings, 9 F.3d at 516-17.

19. Because the lodestar amount more than doubles the settlement fund of $400,000, class counsel seeks recovery of 30% of the settlement amount, which is $120,000. This request is within the percentage range that courts have awarded in securities class action settlements in the Sixth Circuit. See Chesher v. Neyer, No. 1:01-cv-566, 2007 WL 4553908, at *2 (S.D. Ohio Dec. 19, 2007) (noting that in the Sixth Circuit, "the percentage awarded typically rang[es] from 20 to 50 percent of the common fund"); Manners v. American General Life Ins. Co., No. Civ.A. 3-98-0266, 1999 WL 33581944, at *29

4

(M.D. Tenn. Aug. 11, 1999) ("throughout the Sixth Circuit, attorneys' fees in class actions have ranged from 20%-50%"); Hainey v. Parrott, No. 1:02-cv-733, 2007 WL 3308027, at *3 (S.D. Ohio Nov. 6, 2007) (approving award of attorney's fees of 30% of the common fund); In re CMS Energy ERISA Litigation, No. 02-72834, 2006 WL 2109499, at * 3 (E.D. Mich. June 27, 2006) (finding an award of 28.5% to be reasonable).

20. Value of the Benefit Rendered. Counsel obtained a benefit of $400,000 for the class. This is a substantial benefit for two reasons. First, the defendants who in plaintiffs' view had the "deepest pockets" and gave plaintiffs their "most promising" hope for recovery were JPMorgan Chase & Co., the Beacon Group, LLC, and the Beacon Group III-Focus Value Fund. The court granted those defendants' motions to dismiss the claims against them in their entirety. See April 2, 2008 Order (doc. 1269). Second, the funds available to the Settling Defendants to pay a judgment were limited to a $2 million directors and officers' liability policy. At the time the parties began negotiations, the policy funds had already been tapped into in order to pay defense costs and were being quickly depleted. That class counsel was able to obtain a settlement of $400,000 is thus a substantial benefit.

21. Value of Services. The value of professional services rendered by counsel is stated to be $851,157 when calculated on an hourly basis. Because the courts in this circuit favor the use of the percentage-of-the-fund method, see In re Cardinal Health Inc. Securities Litigations, 528 F.Supp.2d 752, 762 (S.D. Ohio 2007), the court need not rigorously examine class counsels' statement of its hours expended and hourly rate. Suffice it to say that it is not unreasonable or unfair to the class members for counsel to receive just 14% of its lodestar amount. The court finds that class counsel vigorously litigated this action over the course of six years, including the filing the original complaints in 2003, the consolidation into the National Century multidistrict litigation and the ensuing dispute over whether the case belonged in the multidistrict litigation, the filing of amended complaints, the motions practice related to opposing the 9 motions to dismiss that the various defendants filed, the conducting of formal discovery and retention of experts, and finally the settlement negotiations. The court further notes that courts typically award attorneys' fees in securities class action in an amount that is ultimately a lodestar multiplier of anywhere from 1.3 to 4.5. See Cardinal Health, 528 F.Supp.2d at 767 (discussing cases and studies). When viewed in this light, the proposed award here that amounts to a lodestar multiplier of 0.14 is a bargain to the class members.

22. Contingent Fee Basis. Class counsel has been providing legal services on a wholly contingent basis. Counsel has expended over 2200 hours for six years without pay while bearing the

5

risk that there would ultimately be no recovery. This weighs in favor of the reasonableness of the fee request. See In re Delphi Corp. Securities, Derivative & "ERISA" Litigation, 248 F.R.D. 483, 503 - 504 (E.D. Mich. 2008) (granting fee request where "Counsel for the Securities Class have prosecuted this action entirely on a contingent basis, knowing that it possibly could last for four or five years, require the expenditure of thousands of attorney hours and millions of dollars in expenses and ultimately result in a loss at summary judgment or at trial.").

23. Society's Stake. The court finds that granting the fee request will serve society's interest in rewarding attorneys who produce such benefits in order to maintain an incentive to others. As was stated in Cardinal Health, 528 F.Supp.2d at 765 -766, "Rewarding attorneys in securities class actions is important because absent class actions, most individual claimants would lack the resources to litigate a case of this magnitude, and individual recoveries are often too small to justify the burden and expense of litigation. . . . Reasonable fee awards in such cases encourage and support other prosecutions, and thereby forward the cause of securities law enforcement and compliance." See also In re Cardizem CD Antitrust Litigation, 218 F.R.D. 508, 534 (E.D. Mich. 2003) ("Encouraging qualified counsel to bring inherently difficult and risky but beneficial class actions like this benefits society.").

24. Complexity of the Litigation. Securities class actions are often complex, expensive, and lengthy. Courts have noted that "[s]ecurities class litigation is notably difficult and notoriously uncertain." In re Merrill Lynch Tyco Research Securities Litigation, 249 F.R.D. 124, 138 (S.D.N.Y. 2008) (internal quotations and case citations omitted). Though the e-Medsoft litigation is not especially complex in relation to other securities class actions, still it has required counsels' efforts to litigate the action for six years and has required counsel to conduct significant discovery and legal research to properly evaluate the merits of the claims. Again, this favors an award of fees.

25. Professional Skill. Finally, the court finds that the class members received a superb level of professional representation in this case and that no class member has objected to the request for attorneys' fees.

26. Expenses. "Expense awards are customary when litigants have created a common settlement fund for the benefit of a class. . . . Under the common fund doctrine, class counsel are entitled to reimbursement of all reasonable out-of-pocket litigation expenses and costs in the prosecution of claims and in obtaining settlement, including expenses incurred in connection with document production, consulting with experts and consultants, travel and other litigation-related expenses." Delphi Corp, 248 F.R.D. at 504 (internal quotations omitted). Class counsel seeks a $70,000

6

reimbursement of litigation expenses; their actual expenses were $78,206.74. The bulk of the expenses, were for the hiring of a forensic accountant and a financial markets analyst, as well as conducting document discovery and depositions. These expenses helped class counsel properly evaluate the merits of plaintiffs' case.

## III. Conclusion

27. Based on the foregoing findings of fact and conclusions of law, plaintiffs' motion for an award of attorneys' fees in the amount of $120,000, or 30% of the settlement fund, and expenses in the amount of $70,000 (doc. 1589) is GRANTED. A final judgment entry with bar order under 15 U.S.C. §78u-4(g)(7) will follow.

s/ James L. Graham  
JAMES L. GRAHAM  
United States District Judge

DATE: May 27, 2009