IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re National Century Financial Enterprises, Inc., Investment Litigation. | : : : : | Case No. 2:03-md-1565<br><br>Judge Graham<br><br>Magistrate Judge Abel |

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| Lance Poulsen,<br><br>      Plaintiff,<br>v.<br><br>Bank One, N.A..,<br><br>      Defendant. | : : : : : | Case No. 2:04-cv-269 |

SHOW CAUSE ORDER

On March 30, 2011, the court ordered plaintiff Lance Poulsen show cause why his action against Bank One should not be dismissed for want of prosecution. Poulsen filed a response stating that he wished to proceed *pro se* and litigate his claims against Bank One. Poulsen has since filed several additional papers with the court. See docs. 1819, 1833, 1840, 1841.

The common theme of Poulsen's filings is the assertion that his criminal convictions and sentence were wrongful. He also believes that Bank One is responsible for National Century's demise. Poulsen has requested information regarding all of the settlements entered into by parties to the National Century multidistrict litigation. He seeks this information as a means to prove that the settling defendants are in a sense "guilty" of the crimes for which he has been convicted. He believes the dollar amounts of the settlements should have been subtracted from the calculation of the total amount of loss to victims – a figure used when the trial court sentenced Poulsen for his crimes.

Poulsen's request for confidential settlement information must be denied. Federal Rule of Evidence 408 prohibits the use of settlement-related materials "to prove or disprove the validity or amount of a disputed claim." Poulsen seemingly intends to use his civil action against Bank One to

make improper collateral attacks on his criminal convictions and sentence.

Bank One argues that nothing Poulsen has filed to date constitutes a sufficient response to the original show cause order.  Bank One contends that not only does Poulsen appear to have an improper purpose for litigating this action, but he has also failed to show why he did not pursue his claims and make appropriate document requests within the applicable deadlines, as set forth by various scheduling orders in the multidistrict litigation.

Poulsen states that it was his belief that his civil action was stayed pending the resolution of his criminal convictions on appeal.  It is unclear to the court from where Poulsen got this incorrect impression that his case was stayed.  In any event, Poulsen's convictions and 30-year sentence have been affirmed on appeal by the Sixth Circuit.  U.S. v. Poulsen, 655 F.3d 492 (6th Cir. 2011).  And the United States Supreme Court has recently denied Poulsen's petition for writ of certiorari.  Poulsen v. U.S., __ S.Ct. __, 2012 WL 485654 (March 19, 2012).

Poulsen's criminal convictions appear to be an unsurmountable barrier to recovery in this action.  The doctrine of *in pari delicto* bars a plaintiff from recovery when: (1) the plaintiff bears "at least substantially equal responsibility" for the wrongs he seeks to redress, and (2) preclusion of suit would not "significantly interfere" with the purposes of the law or harm the public interest.  Bateman Eichler, Hill Richards, Inc. v. Berner, 472 U.S. 299, 306, 310-11 (1985) ("In a case of equal or mutual fault . . . the position of the [defending] party . . . is the better one.").  A plaintiff bears "substantially equal responsibility" if he was "an active, voluntary participant in the unlawful activity that is the subject of the suit" and his responsibility for the wrongdoing is greater than or substantially equal to the fault of the defendant.  Pinter v. Dahl, 486 U.S. 622, 636 (1988).

Courts apply the doctrine of *in pari delicto* to protect judicial integrity and deter wrongdoing.  "The defense is grounded on two premises: first, that courts should not lend their good offices to mediating disputes among wrongdoers; and second, that denying judicial relief to an admitted wrongdoer is an effective means of deterring illegality."  Bateman Eichler, 472 U.S. at 306 (footnotes omitted); see also In re Dublin Securities, Inc., 133 F.3d 377, 380 (6th Cir. 1997) ("'No Court will lend its aid to a man who founds his cause of action upon an immoral or illegal act.'") (quoting In re Dow,

132 B.R. 853, 860 (Bankr. S.D. Ohio 1991)); In re Amcast Indus. Corp., 365 B.R. 91, 123 (Bankr. S.D. Ohio 2007) (noting that the doctrine "prevents one wrongdoer from recovering from another because each should bear the consequences of their wrongdoing without legal recourse against the other").

Accordingly, Poulsen is now ORDERED TO SHOW CAUSE WITHIN THIRTY DAYS (30) DAYS OF RECEIPT OF THIS ORDER why his action against Bank One should not be dismissed under the doctrine of *in pari delicto*.

Poulsen's motion to unseal settlement agreements (doc. 1833) is DENIED. The Clerk of Court shall mail a copy of this order to Lance Poulsen at the address listed on his most recent filing, doc. 1841.

    s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: April 6, 2012